IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS ANN McFADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-cv-01063-STA-jay |
| | ) |
| CITY OF HENDERSON POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**ORDER ON APPELLATE FILING FEE**

On July 10, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 11), screening Plaintiff Phyllis Ann McFadden's Pro Se Complaint and recommending the dismissal of the case for failure to state a plausible claim for relief. Plaintiff has filed timely objections to the report (ECF No. 12). For the reasons set forth below, the Court **ADOPTS** the report and recommendation and **DISMISSES** Plaintiff's Pro Se Complaint for failure to state a claim.

**BACKGROUND**

Plaintiff Phyllis Ann McFadden initiated this case by filing a Pro Se Complaint (ECF No. 1) on March 3, 2025. Plaintiff used the form complaint for violations of civil rights under 42 U.S.C. § 1983. The Pro Se Complaint names the City of Henderson Police Department as the only Defendant, though the pleading states that the City of Henderson Police Department is "employed as the Henderson Sheriff Department." The Magistrate Judge has provided in his report the

following summary of Plaintiff's allegations, to which Plaintiff has not raised any objection. Therefore, the Court adopts that portion of the report as the findings of the Court.

Plaintiff would hold the City of Henderson Police Department liable "for police brutality" because an unnamed officer employed with the department "handcuffed [her] right arm as tight as he could and laughed in [her] face." Pro Se Compl. 3, § V (ECF No. 1). Plaintiff alleges that the incident left "a permanent handcuff print on [her] arm" and that her injury was documented at the Jackson Madison County General Hospital and by a nurse at the "jail house." *Id.* McFadden alleges that as a result of the police encounter, she suffers from anxiety and depression. Plaintiff seeks damages for "general injury and pain and suffering." *Id*. The Pro Se Complaint also states that unnamed law enforcement personnel at the "[Chester County] Sheriff's Department" told her that "they would take [her] to all [doctor] appointments and did not." *Id.* Plaintiff missed "[chemotherapy] or [an] [esophagram] test" during her incarceration and then "went to the ER immediately after release." *Id.* Plaintiff has not named the Chester County Sheriff's Department as a party.

Plaintiff filed eight pages of documents (ECF No. 2) in support of her Pro Se Complaint.[1] The first document is a "Capias/Bench Warrant" issued for McFadden on February 6, 2024, by the Circuit Court for Chester County, Tennessee. Exhibits at 1. The Capias/Bench Warrant specifies that McFadden was to be held without bond for her failure to appear for an arraignment. *Id.* The next document is a letter from Anew Family Medical, PLLC, dated February 6, 2024. *Id*. at 2. The letter states that McFadden was seen at "our office on the stated date and may return to work/school

---

[1] Because the documents contain unredacted personal identifying information and medical records, the Magistrate Judge placed the documents under seal.

on February 7, 2024." *Id.*

The third document is what appears to be an arrest report authored by Officer Danielle Cook. *Id*. at 3. Officer Cook recounts in the report that on March 31, 2024, she responded to a call in Henderson, Tennessee, concerning an unwanted guest at a residence. *Id.* The police report identifies Plaintiff as the unwanted guest. *Id.* Officer Cook describes McFadden's arrest in the report as follows:

> When I arrived at the residence Ms. McFadden was outside in the yard next door. Ms. McFadden walked towards me and identified herself as Phyllis McFadden. Ms. McFadden provided me with her date of birth [ ]. The warrant was confirmed. While attempting to place Ms. McFadden into custody she kept pulling away from me and trying to twist her body to prevent officers from cuffing her. Once she was placed in cuffs she refused to walk to the car. Once officers got McFadden to the vehicle she refused to get in and was placed in the vehicle. Phyllis McFadden was transported to the Chester County Jail on the warrant and is charged with Resisting Arrest []. While being transported to the jail Ms. McFadden stated that she had stage four cancer and had a treatment the next day.

*Id.*

The fourth document is what appears to be McFadden's response to Officer Cook's arrest report. *Id.* at 4. In this document, McFadden writes, in relevant part, that the "[m]ale officer put handcuffs on [her] arm real tight and started laughing in [her] face." *Id.* Plaintiff denied resisting arrest. *Id.* McFadden also states that she was not taken to her chemotherapy treatment "Monday morning at 8:00 nor for [her] test at the imaging center on Tuesday which jailers and Mark Griffin [were] informed of. [Plaintiff] was told that [she] would be taken to [doctors' appointments] and was not." *Id.*

The fifth document is titled "City of Henderson Police Department – Complaint Form". *Id*. at 5. This document appears to be a complaint Plaintiff filed with the City of Henderson Police

3

Department concerning her arrest. The Magistrate Judge concluded that because the complaint does not address what appears to be the basis of this lawsuit, no summary or further examination of this document was necessary.

The last document is a West Tennessee Healthcare Emergency Department Patient Summary.[2] *Id.* at 6-8. In the pages filed with the Court, the records indicate that McFadden visited the emergency room on April 7, 2024, with complaints of back pain. *Id.* at 6. Plaintiff was diagnosed with "acute exacerbation of chronic low back pain." *Id*. at 7.

On March 26, 2025, Plaintiff submitted a letter (ECF No. 8) to the Court stating that she was receiving treatment for pancreatic cancer and explaining that the capias should not have been issued for her arrest. Plaintiff's letter reiterated her allegations that the "male officer handcuffed [her] tight and laughed in [her] face [and that the handcuff left] a permanent handcuff print." *Id*. Accompanying the letter was a photograph (ECF No. 8-1), depicting what is presumably McFadden's right wrist.

On April 24, 2025, the Magistrate Judge ordered Plaintiff to file an amended complaint. Order Directing Pl. to Am. Compl. (ECF No. 9). The Magistrate Judge surmised that McFadden appeared to be asserting two causes of action: an excessive force claim arising from her being handcuffed and a denial of medical care claim based upon her allegations that she was not taken to medical appointments while in custody. *Id.* The Magistrate Judge explained Plaintiff needed to allege more information to support her excessive force claim, specifically to address whether she complained to the officer that the handcuffs were too tight or that her complaint was ignored by

---

[2] The medical records appear to be incomplete. The page numbering of the records indicates that the document is ten (10) pages in length. Only pages 2, 6, and 8 were submitted to the Court.

4

the officer. *Id.* As for the denial of medical care claim, the Magistrate Judge explained that Plaintiff needed to address whether jail officials intentionally ignored her serious medical needs or acted unreasonably by failing to mitigate the risk her serious medical needs posed. *Id.* Finally, the Magistrate Judge also ordered Plaintiff to identify any individuals that she intended to name as defendants in her action. *Id.*

In response to the order directing her to file an amended complaint, Plaintiff filed a document (ECF No. 10) on May 23, 2025. In her one-page filing, McFadden reiterated that Officer Danielle Cook handed her over to an unnamed male officer who "put handcuffs on [Plaintiff's] arm real tight and laughed in [her] face." *Id.* Plaintiff further alleged that the unnamed officer shoved her into the back of a police car. *Id.* Plaintiff went on to state that as a result of her interaction with this officer, she now suffers from PTSD and has been prescribed medication for anxiety. *Id*.

The Magistrate Judge has recommended that the Court *sua sponte* dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Based on Plaintiff's failure to address the pleading deficiencies identified in the Magistrate Judge's April order, the Pro Se Complaint does not allege all of the elements of Plaintiff's civil rights claims. Plaintiff's supplemental filing does not address the shortcomings of her Pro Se Complaint. The Magistrate Judge reasoned then that the Court should dismiss Plaintiff's Pro Se Complaint because Plaintiff had failed to allege adequate facts to establish either an excessive force or denial of medical care claim.

Plaintiff has filed a timely objection to the report and recommendation. Plaintiff's paper states that she has met all deadlines and submitted all of the information she believes she needed

to file with the Court.[3] Plaintiff once more clarifies that she is only bringing suit against the City of Henderson Police Department. Plaintiff states that she continues to react emotionally when she sees a police vehicle and to take medication for anxiety. Plaintiff further states that a court dismissed the disorderly conduct charge against her. Plaintiff has attached to her objection a judgment from the General Sessions Court of Chester County, Tennessee, which shows that the state dismissed *nolle prosequi* an unspecified charge against Plaintiff based on a "plea in Circuit Court case." Plaintiff concludes by stating that she will begin radiation treatment soon and has "more time to pursue a lawyer."

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

---

[3] Plaintiff mentions the possibility that she may be confused about some of the information she has furnished due to the fact that she currently has two different lawsuits pending. Plaintiff has just one action pending in this Court, the case at bar. Plaintiff has not provided the case number or any other information to identify the second case she references.

6

The Court holds that Plaintiff has failed to raise any specific objection to the Magistrate Judge's report and recommendation.  The United States Court of Appeals for the Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Plaintiff's filing, which the Court liberally construes as an objection to the Magistrate Judge's recommendation, never points to any specific objection in the Magistrate Judge's report and recommendation.   The Court can only surmise that Plaintiff's paper is a general objection to the recommendation of dismissal.

> A general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 148). To the extent that Plaintiff's paper fails to raise specific and focused objections, the Court cannot create Plaintiff's objections for her.  *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'")); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.").

Even viewing the Pro Se Complaint (and all of the other information furnished by Plaintiff) in a light most favorable to her, Plaintiff has not alleged each of the elements of her claims. Plaintiff's objection specifies that her only claim is against the City of Henderson Police Department, even though the Pro Se Complaint mentioned the "Sheriff's Department," presumably the Chester County Sheriff's Department, and individual law enforcement officers. Just as the Magistrate Judge explained in his report and recommendation, the Pro Se Complaint fails to state a plausible claim against the City of Henderson Police Department.

Plaintiff's claim is actually against the City of Henderson itself, not the municipal police department. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, the Complaint contains no facts to show that the City of Henderson is responsible for any violation of Plaintiff's constitutional rights.

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal

policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff has failed to allege the existence of any city policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g., Moore v. Shelby Cnty. Crim. Justice System*, 2:23-cv-02238, 2025 WL 2014330, at *4 (W.D. Tenn. July 17, 2025).

The Magistrate Judge had already stated in his order directing Plaintiff to amend her Complaint that "[a] police or sheriff's department is not a suable entity under Tennessee law." Order Directing Pl. to file Am. Compl. 7, Apr. 24, 2025 (ECF No. 9) (quoting *Boyd v. City of Millington*, No. 15-cv-2642-SHL-cgc, 2015 WL 13080882, at *1 (W.D. Tenn. Dec. 9, 2015)). The Magistrate Judge also explained that Plaintiff needed to allege more facts to hold the City of Henderson itself liable for an alleged constitutional violation committed by one of its police officers. *Id*. at 8. Plaintiff's subsequent filings with the Court have not addressed any of these issues, only that Plaintiff intends to hold the Henderson Police Department itself liable for the violation of Plaintiff's rights. Plaintiff's Complaint fails to identify an official policy or custom which caused her alleged injury. Instead, it appears Plaintiff is suing the City of Henderson

9

because she allegedly suffered injuries at the hands of police officers employed by the City of Henderson. These allegations fail to state a claim for municipal liability against the City of Henderson.

Even if she had made such allegations, Plaintiff has not addressed the fact that her Pro Se Complaint fails to allege essential elements of her claims for the violation of her civil rights. The Magistrate Judge correctly set out that the Fourth Amendment law on unduly tight or excessively forceful handcuffing during the course of a seizure. In order to allege that tight handcuffing amounts to excessive force in violation of the Fourth Amendment, a plaintiff must show: (1) she complained that the handcuffs were too tight; (2) the officer ignored those complaints; and (3) she suffered some physical injury as a result. *See Hughey v. Easlick*, 3 F.4th 283, 289 (6th Cir. 2021); *Getz v. Swoap*, 833 F.3d 646, 654 (6th Cir. 2016). While Plaintiff alleges an unnamed male police officer placed her in handcuffs too tightly (and allegedly laughed about it), Plaintiff has not alleged that she complained about the handcuffs being too tight or that the officer (or any other police officer) ignored her complaint. In absence of these allegations, Plaintiff's Pro Se Complaint fails to allege a plausible Fourth Amendment claim based on tight handcuffing.

As for any denial of medical care claim, the Magistrate Judge found in his report and recommendation that Plaintiff did not address the claim in response to the Magistrate Judge's order to file an amended pleading. Plaintiff has alleged that she is undergoing treatment for pancreatic cancer and that she missed an appointment for treatment during her incarceration. Other than stating these facts, Plaintiff has not alleged that any officer was deliberately indifferent to her serious medical needs. Therefore, the Pro Se Complaint fails to state a claim for the denial of medical care.

Based on its *de novo* review of the Magistrate Judge's report and recommendation and Plaintiff's objection (though entirely lacking in specificity), the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** the Pro Se Complaint.  The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring).  The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The same considerations that lead the Court to dismiss this case, Plaintiffs' failure to state a claim, also compel the conclusion that an appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, she must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  If Plaintiff fails to comply with the above assessment of the

11

appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

    **IT IS SO ORDERED.**

                                                  **s/ S. Thomas Anderson**
                                                  S. THOMAS ANDERSON
                                                  UNITED STATES DISTRICT JUDGE

                                                  Date:  September 12, 2025.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.